IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JILL NACCARI,[1] | § | |
| | § | No. 572, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN18-02284 |
| MICHAEL QUAILS, | § | Petition No. 18-08173 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: August 23, 2019
Decided: October 24, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Jill Naccari ("the Mother"), filed this appeal from a Family Court decision and order, dated October 12, 2018, granting the petition for visitation filed by Michael Quails ("the Father"). We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     The Mother and the Father are the parents of a child born in 2017 ("the Child").  On March 19, 2018, the Father filed a petition for visitation with the Child two days a week and every other weekend.  The Mother opposed the petition.  After an unsuccessful mediation, the mediator recommended—and the Family Court approved—an interim visitation order granting the Father non-overnight visitation every other weekend and one weekly non-overnight dinner with the Child.  After a hearing on October 8, 2018, the Family Court issued a decision granting the Father visitation with the Child every other weekend.  This appeal followed.

(3)     This Court's review of a Family Court decision includes a review of both the law and the facts.[2]  Conclusions of law are reviewed *de novo*.[3]  Factual findings will not be disturbed on appeal unless they are clearly erroneous and justice required they be overturned on appeal.[4]

(4)     On appeal, the Mother argues that the Family Court erred by: (i) granting the Father visitation despite his admitted use of marijuana; (ii ) not granting emergency relief under Family Court Civil Rules 65.2 and 226; and (ii) violating the Delaware Child Support Formula.  The Mother also appears to raise claims based on events occurring after issuance of the visitation order or other Family Court proceedings.  Those claims are outside the scope of this appeal.

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*

2

(5) The Family Court must determine visitation "consistent with the child's best interests and maturity, which is designed to permit and encourage the child to have frequent and meaningful contact with both parents unless the Court finds, after a hearing, that contact of the child with 1 parent would endanger the child's physical health or significantly impair his or her emotional development."[5] The best interest factors are set forth in 13 *Del. C.* § 722(a).[6] The Family Court carefully considered § 728(a) and all of the best interest factors under § 722 in determining that it was in the best interests of the Child to have visitation with the Father every other weekend.

(6) In reaching this decision, the Family Court took the Father's admitted marijuana use into account. The Father claimed that he only occasionally used marijuana when the Child was not in his care, but the Family Court noted that marijuana is illegal and stays in the system. To address the Mother's concerns regarding Father's marijuana use, the Family Court required that the Father's girlfriend or mother supervise overnight visitation until he could return a clean drug test. The Mother has not shown that a parent's marijuana use, by itself, precludes overnight visitation. The Family Court did not err in granting the Father overnight

---

[5] 13 *Del. C.* § 728(a).
[6] The § 722 factors include: (i) the wishes of the parents; (ii) the wishes of the child; (iii) the interaction of the child with his parents, relatives and any other residents of the household; (iv) the child's adjustment to his home, school and community; (v) the mental and physical health of all individuals involved; (vi) past and present compliance of the parents with their rights and responsibilities to their child; and (vii) evidence of domestic violence.

visitation, subject to certain restrictions as long as he used marijuana, every other weekend.

(7) The Mother next claims that the Family Court erred in failing to grant emergency relief under Family Court Civil Rules 65.2 and 226 based on the Father's marijuana use. This claim is without merit. Rule 226, which governs preliminary protective hearings in dependency, abuse, or neglect proceedings instituted by the Department of Services for Children, Youth, and their Families, does not apply here. Under Rule 65.2, the Family Court may grant emergency *ex parte* orders upon the motion of a party or the Court's own motion, but the Mother does not identify what emergency relief was necessary. Assuming that the Mother wanted emergency relief to keep the Child away from the Father, she has not shown that the Father's marijuana use merited such relief.

(8) Finally, the Mother contends that the Family Court violated the Delaware Child Support Formula. The basis for this claim is unclear. It appears that the Mother has filed child support petitions, but this appeal arises from the visitation proceedings. To the extent the Mother claims that she is entitled to child support from the Father, that claim is outside the scope of this appeal. To the extent Mother claims that the Delaware Child Support Formula prohibits parents who do not pay child support from having visitation with their children, she is incorrect.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice